UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00728-MOC

| | |
|---|---|
| JEREL LEE, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>EDDIE CATHEY, et al., )<br>)<br>  Defendants. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER<br>ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.   BACKGROUND**

Pro se Plaintiff Jerel Lee ("Plaintiff") is currently detained at the Union County Jail (the "Jail") in Monroe, North Carolina. He filed this action on September 22, 2025, pursuant to 42 U.S.C. § 1983, naming Eddie Cathey, identified as the Sheriff of Union County, and FNU Handcock, FNU Greene, and FNU Moore, all identified as Detention Officers, as Defendants in their individual and official capacities. [Doc. 1]. Plaintiff alleges as follows.

Sometime between July and September 2024, Plaintiff was in the shower in A-Block at the Jail. Defendants Handcock, Greene, and Moore asked Plaintiff to exit the shower. When Plaintiff exited the shower, "they" put handcuffs on him. Plaintiff told "them" the handcuffs were too tight. Defendant Moore told Defendant Handcock "to take [Plaintiff] down." Plaintiff told "Sgt Handcock et., al" that his leg had a gunshot wound. "They" forced Plaintiff to the ground, causing the handcuffs to cut Plaintiff's wrist and breaking his back. "The[y]" also ran Plaintiff into a wall,

knocking out four of his teeth. [Doc. 1-1].

Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments through the use of excessive force.[1] [Id. at 4]. Plaintiff alleges having suffered various physical injuries. [Id at 5]. Plaintiff seeks monetary and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v.

---

[1] The Court will address only those claims fairly raised by Plaintiff's Complaint.

Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). Plaintiff here does not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. Plaintiff, therefore, has also failed to state a claim against Defendants in their official capacities and any such claims will be dismissed.

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state a Fourteenth Amendment excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id.

3

(citing Graham, 490 U.S. at 396).

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).

Here, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's claims against Defendants Handcock and Moore based on the alleged use of excessive force are not clearly frivolous. Plaintiff, however, has failed to state a claim against Defendants Cathey or Greene. That is, Plaintiff makes no allegations against Defendant Cathey and no allegations of excessive force against Defendant Greene. Rather, he alleges only that Greene was one of three Defendants who asked the Plaintiff to exit the shower. Furthermore, Plaintiff's global manner of allegations against "they" and "them" in his Complaint fails to meet "the burden of pleading a facially plausible claim" of a claim against Defendant Greene. See Langford v. Joyner, 62 F.4th 122, 125-26 (4th Cir. 2023). The Court, therefore, will dismiss Defendants Cathey and Greene.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's individual capacity Fourteenth Amendment excessive force claims against Defendants Handcock and Moore. Plaintiff's remaining claims and the remaining Defendants will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity Fourteenth

Amendment excessive force claims against Defendants Handcock and Moore, which pass initial review.

**IT IS FURTHER ORDERED** that Defendant Cathey and Greene are **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Clerk is directed to mail two (2) blank summons forms to Plaintiff for Plaintiff to fill out and identify Defendants Handcock and Moore for service of process, and then return the summonses to the Court.[2] Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED**.

Signed: November 26, 2025

Max O. Cogburn Jr.
United States District Judge

---

[2] In the proposed summonses that Plaintiff submitted with his Complaint, he listed Defendants Handcock, Greene, and Moore on a single summons, which is improper. [See Doc. 1-2 at 1].